FILED
SUPERIOR COURT
OF GUAM

2021 AUG 24 PM 12: 11

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MMB, INC., | CIVIL CASE NO. CV0093-21 |
| Plaintiff, | |
| vs. | |
| PROPACIFIC BUILDERS CORP., | DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS COMPLAINT |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Dana A. Gutierrez on May 26, 2021 for a motion hearing on Defendant PROPACIFIC Builders Corporation's ("Defendant") Motion to Compel Arbitration and Dismiss Complaint. Present via Zoom were Attorney Thomas Fisher representing Plaintiff MMB Inc. ("Plaintiff") and Attorney Joyce Tang representing Defendant. After the hearing, the Court took the matter under advisement. After reviewing the record, arguments by both parties, and relevant law, the Court finds that the parties are bound to mandatory arbitration of the dispute. The Motion to Compel Arbitration and Dismiss Complaint is therefore **GRANTED**.

### BACKGROUND

This matter arises from a dispute over Defendant's alleged breach of the Subcontractor Agreement ("Agreement") between the parties in which Plaintiff was to perform construction work for the Guam Waterworks Authority ("GWA"). Compl., ¶¶ 5-8 (Dec. 8, 2020). In response

to the Complaint, Defendant filed a Motion to Compel Arbitration and Dismiss Complaint ("Motion") on February 24, 2021. Defendant argues that the instant dispute falls within the Agreement's arbitration provision and the Court should order the parties to arbitrate. Motion, at 3 (Feb. 24, 2021). In its Opposition to Defendant's Motion, Plaintiff argues that Defendant waived its right to arbitration by failing to respond to a letter from August 2020 in which Plaintiff invoked its right to arbitrate. Opp., at 2 (Mar. 23, 2021).

In its Reply to Plaintiff's Opposition, Defendant denies receiving the August letter. Decl. of Floriano Escabillas, at ¶¶ 3-4 (Apr. 7, 2021); *see* Reply (Apr. 7, 2021). On May 26, 2021, the Court heard oral argument on Defendant's Motion. After taking the matter under advisement, the Court now issues this Decision and Order.

## DISCUSSION

Pursuant to Rule 12(b)(6) of the Guam Rules of Civil Procedure ("GRCP"), a court can dismiss a complaint if the plaintiff "fail[s] to state a claim upon which relief can be granted." GRCP 12(b)(6). The court can decide a motion to compel arbitration under Rule 12(b)(6) if "a party's claims are subject to an enforceable arbitration clause." *Silfee v. Automatic Data Processing, Inc.*, 696 Fed. Appx. 576, 578 (3rd Cir. 2017).[1] If the agreement is enforceable in that it is not "null and void, inoperative or incapable of being performed," then Guam law requires the court to refer the parties to arbitration. 7 G.C.A. § 42A202(a).[2] Referring the parties to arbitration is mandatory. *Ass'n of Apartment Owners of Guam Yamanoi Condo. v. Guam*

---

[1] The Guam International Arbitration Chapter ("GIAC") "substantively mirrors the Federal Arbitration Act ("FAA"). . .[and] federal case law interpreting the FAA is especially persuasive where the GIAC applies." *Ass'n of Apartment Owners of Guam Yamanoi Condo. v. Guam Yamanaoi Inc.*, 2019 Guam 14 ¶ 14.

[2] Title 7 G.C.A. § 42A202(a) provides: "A court before which an action is brought in a matter which is the subject of an arbitration agreement shall, if a party so requests not later than when submitting his or her first statement on the substance of the dispute, refer the parties to arbitration unless it finds that the agreement is null and void, inoperative or incapable of being performed."

2

*Yamanoi, Inc.*, 2019 Guam 14 ¶ 14 (stating that if the arbitration agreement is enforceable, then the requirement that courts refer the parties to arbitration is "mandatory").

Defendant argues that the Court must refer the parties to arbitration because Plaintiff's claim falls within the scope of the Agreement's arbitration provision. Motion, at 3. Defendant further asserts that it did not waive its right to arbitrate, but in the alternative, asks that the Court defer the question of whether Defendant waived its rights to arbitrate to the arbitrator. Opp., at 2. For the reasons stated below, the Court agrees with Defendant that Plaintiff's claim falls within the scope of the Agreement's arbitration provision and that the parties must arbitrate their dispute.

## I. Whether Plaintiff's Claim for Damages for Alleged Breach of Contract Falls Within Scope of the Agreement's Arbitration Provision.

The Court notes that neither party asserts that the Agreement is unenforceable, therefore the first issue is whether Plaintiff's claim falls within the scope of the Agreement's arbitration provision. *See* Motion; Opp.; Reply. The "scope of an arbitrat[or's]. . .authority is determined by the language of the arbitration clause." *Gov't of Guam v. Pacificare Health Ins. Co. of Micr., Inc.*, 2004 Guam 17 ¶ 24 ("Pacificare") (quoting *Lupone v. Lupone*, 848 A.2d 539, 541 (Conn. Ct. App. 2004)).

Article 8.03 of the Agreement states:

> Notice of Demand. *Any and all* claims or demands arising out of or relating to this contract Agreement or the breach thereof, shall be fully and finally resolved by binding arbitration in accordance with the Arbitration Rules and Procedures of Dispute Prevention & Resolution, Inc. then in effect.

> Award. The award rendered by the arbitrator(s) shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

Compl., Exhibit B.

The Agreement's arbitration provision provides no limitations on the arbitrable subject matter. Article 8.03 states that "*any and all* claims or demands arising out of or relating to" the Agreement are to be resolved through arbitration. Compl., Exhibit B. Plaintiff's claim for damages stems from Defendant's alleged breach of contract for failing to perform its obligation under the Agreement. *Id.* at ¶¶ 8-15. Furthermore, Plaintiff does not oppose the Motion on the grounds that this claim falls outside the scope of the arbitration provision in the Agreement. *See* Motion. Thus, the Court finds that Plaintiff's claim for damages falls under the "any and all claims or demands" provision and is, therefore, subject to arbitration under the Agreement.

## II.    Whether Defendant Waived Its Right to Arbitration.

Plaintiff argues that if the claim is arbitrable, Defendant waived its right to arbitrate when it failed to respond to Plaintiff's August 2020 letter in which Plaintiff invoked its right to arbitrate the dispute. Opp., at 3. In response, Defendant makes several arguments: (1) that the question of whether Defendant waived its right to arbitrate is a question for the arbitrators; (2) Defendant did not waive its right to arbitration; and (3) Guam law and policy disfavor waiver of contractual rights. Reply, at 2-3.

The question of whether Defendant waived its right to arbitration is to be resolved by the arbitrator. Once the court determines that the parties must arbitrate the substance of their dispute, the "procedural questions" that stem from the dispute will be left to the arbitrator. *Pacificare*, 2004 Guam 17 ¶ 35 (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-5 (2002) (holding that "allegation[s] of waiver [or] delay" are presumptively for the arbitrator to decide).

4

As noted above, Plaintiff's claim falls within the Agreement's arbitration provision, and thus, any procedural issues that arise out of that claim must be decided by the arbitrator. Waiver "is a procedural question" and is only in dispute because Defendant is now invoking its right to arbitrate Plaintiff's claim for breach of contract. *Guam Hous. & Urb. Renewal Auth. v. Pac. Superior Enters. Corp.*, 2004 Guam 22 ¶ 40 (holding that waiver is a "procedural question" which must be submitted to the arbitrator). Here, because the issue of a waiver is a procedural question that flows out of the breach of contract dispute, it is "presumptively *not* for the judge" to decide and must be arbitrated. *Id.* at ¶ 39. Therefore, the issue of waiver is referred to arbitration along with the substance of the dispute.

Because the issue of waiver is subject to arbitration, Defendant's arguments regarding the fact that Defendant did not waive its right to arbitration and that Guam law and policy disfavor waiver of contractual rights are moot.

## CONCLUSION

Based on the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Compel Arbitration and Dismiss Complaint.

**SO ORDERED**: AUG 2 4 2021 _____

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
_____ T. FISHER _____
_____ CIVILLE _____
Date: _____ Time: _8/24/21_
_____ Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

5